

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| DERRICK D. GOODWILL and<br>JILLIAN S. GRAHAM, | ) CASE NO. 15-30704-H3-13 |
| Debtors, | ) |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the confirmation of Debtors' plan (Docket No. 36) and the "Amended Trustee's Motion to Dismiss" (Docket No. 44). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered dismissing the above captioned Chapter 13 case. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Derrick D. Goodwill and Jillian S. Graham ("Debtors") filed the voluntary petition under Chapter 13 of the Bankruptcy Code in the instant case on February 2, 2015. William E. Heitkamp ("Trustee") is the Chapter 13 Trustee.

Prior to the instant case Debtors were also the debtors in Case No. 14-30716-H3-7 (filed on February 3, 2014, dismissed on February 19, 2014 for failure of Debtors to file a list of

creditors); 14-31014-H3-13 (filed on February 24, 2014, dismissed on November 13, 2014 on Trustee's motion citing, <u>inter</u> <u>alia</u>, failure to provide for payment in full of all secured and priority creditors in the plan, and failure to appear at the meeting of creditors); and Case No. 14-36443-H1-13 (filed on November 21, 2014, dismissed on December 8, 2014 for failure of Debtors to file a list of creditors).

In the instant motion, the Chapter 13 trustee seeks dismissal for failure of the Debtors to provide for payment in full of secured and priority creditors under the plan, failure to file federal income tax returns for 2014, failure of the plan to meet the requirements of the disposable income test, and the failure of Debtors to amend Schedules B and D and the Statement of Financial Affairs.  (Docket No. 44).

In the instant case, Debtors have proposed a plan which calls for payment of $26,952.19 to Fort Bend County on its secured claim.  The remainder of the payments in the plan are directed to Debtors' counsel, plus $558.46 to pay less than one percent to unsecured creditors.  (Docket No. 36).

The property taxing authorities (Fort Bend County, Fort Bend Independent School District, Sienna Plantation Levee Improvement District, and Sienna Plantation Municipal Utility District #2) have filed five proofs of claim, asserting secured claims in the aggregate amount of $53,007.85.  Debtor has not

2

filed objections to any of these claims.[1]

Debtor Derrick Goodwill testified that he was instructed by the Trustee to amend Schedules B and D, in order to list values for contingent and unliquidated claims. He testified that he was instructed by the Trustee to amend the Statement of Financial Affairs. He testified that he is under the assumption that such amendments have been made. The court takes judicial notice that no amendments have been filed. He testified that he has hired assistance for preparing the documents in the instant case. He testified that he does not recall whether he signed any amendments.

Debtors' Form B22C indicates that Derrick Goodwill was earning $3,300 per month in gross receipts, with no expenses, from operation of a business, during the six months before the date of filing of the petition in the instant case. Debtors' Schedule I indicates that that money was earned as a limousine driver. Goodwill testified that he has gross income of approximately $6,000 to $10,000 per month, and net income of $2,000 to $3,000 per month, in operation of a driving business. Debtors have not amended Form B22C.

Goodwill testified that he has filed a federal income tax return for 2014.

---

[1] Debtor Derrick Goodwill testified that he believes he does not owe any taxes. He testified that there is a state court proceeding pending to determine whether any tax is due.

Conclusions of Law

Section 1307(c) of the Bankruptcy Code provides in pertinent part:

> (c) Except as provided in subsection (e)(1) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including -
>
> > (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> * * *
>
> > (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan.

11 U.S.C. § 1307(c).

The list of acts and omissions that constitute cause for dismissal or conversion under Section 1307(c) of the Bankruptcy Code is nonexhaustive. In re Jacobsen, 609 F.3d 647 (5th Cir. 2010). Lack of good faith constitutes cause for dismissal. In re Wigley, 333 B.R. 768 (Bankr. N.D. Tex. 2005).

In the instant case, Debtors' fourth since February, 2014, Debtors have failed to file accurate schedules and statement of financial affairs. Goodwill's testimony indicates that he believes he has delegated to others the responsibility for ensuring that correct documents are filed. Debtors have proposed a plan that is, on its face, not confirmable. In

4

addition, Debtors' schedules do not indicate an ability to fund the payments required by the secured proofs of claim on file. There are no claim objections on file, despite Goodwill's voiced opposition to the secured claims.[2]  The court concludes that Debtors' failure to file a confirmable plan in the instant case, in light of their three previous unsuccessful cases, constitutes unreasonable delay that is prejudicial to creditors.  The court concludes that there exists cause for dismissal of the above captioned Chapter 13 case.

      Based on the foregoing, a separate Judgment will be entered dismissing the above captioned Chapter 13 case.

      Signed at Houston, Texas on September 30, 2015.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[2]The court notes that the state court pleadings, some of which were admitted into evidence, appear to indicate that Debtors are advancing a "sovereign citizen" theory under which they are not liable for property taxes on the property they own, because they are "derrick-duane: house of goodwill and jillian-shellekah: house of graham" (Taxing Authorities' Exhibit 8). The court notes that such arguments "have never worked in a court of law."  See Wirsche v. Bank of America, N.A., 2013 WL 6564657 (S.D. Tex. 2013).